■ IOTA ALUMNAE, INC., Appellant, v CORNELL UNIVERSITY et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered December 14, 1981 in Tompkins County, which granted defendant Iota House Corporation of Kappa Alpha Theta's motion for summary judgment and denied plaintiff's cross motion for the same relief. From 1920 to July 1965, Iota Chapter of Kappa Alpha Theta, Inc. (Iota), a nonprofit corporation, owned real property in Ithaca, New York. There resided the active membership of the Iota Chapter of a national sorority, defendant Kappa Alpha Theta Fraternity (the national). In 1960, the national instructed Iota to amend its by-laws to provide that in the event of dissolution its assets would be transmitted to the national. Neither Iota's board nor its membership agreed to the suggested amendment, and in fact the amendment was never adopted. In 1965, because of the national's discriminatory membership policies which excluded those of certain religious and ethnic groups, the chapter's active membership voted to end its affiliation with the national and surrender its charter. Iota's board of directors decided to sell its principal asset, the real property. It filed a petition to do so in the Tompkins County Court, requesting authorization to sell, stating that the proceeds would be used to establish a "trust fund or scholarship for the benefit of members of Kappa Alpha Theta and their children * * * or otherwise for the benefit of Kappa Alpha Theta". The court granted the petition and the property was sold. Thereafter, Iota's membership was surveyed and an overwhelming majority of those responding recommended that a scholarship fund be established. The board then entered into a trust agreement with defendant Cornell University whereby $115,000, the proceeds of the sale, was transferred to Cornell to hold as trustee and to apportion the income for certain designated purposes, including a scholarship fund. This agreement, to which the national was not a party, provided, in pertinent part: "In event that the IOTA CHAPTER OF KAPPA ALPHA THETA is reactivated at Cornell University, Ithaca, N.Y., prior to December 31, 1986, Cornell upon receipt of written evidence of such reactivation agrees within a reasonable time to retransfer the then net balance of said trust principal plus or minus any realized or unrealized capital accretions to the said sorority." In 1967, Iota changed its name to

Iota Alumnae, Inc., plaintiff herein. In January of 1980, defendant Iota House Corporation of Kappa Alpha Theta (Iota House) was organized and incorporated for the purpose of re-establishing Kappa Alpha Theta at Cornell. It is an entity separate and distinct from (and none of its members are members of) plaintiff, Iota Alumnae, Inc. Iota House informed Cornell of its existence and requested that the trust's corpus be turned over to it. Plaintiff thereupon instituted this declaratory judgment action against Cornell and Iota House. The national was permitted to intervene in the suit. Special Term properly rejected plaintiff's argument that the 1966 trust agreement was *ultra vires* and hence invalid. Leaving aside the anomaly of plaintiff's attack on the validity of a trust it itself created, plaintiff has failed to furnish any authority demonstrating that the board was powerless to create this trust without the approval of all of its members. Court approval, necessary to sell the realty (see 6 White, New York Corporations [13th ed], par 510.02), had been obtained. Moreover, plaintiff's own by-laws reposed in the board of directors "entire charge and control of the corporation and its affairs, funds, and property". On this record, however, summary judgment was inappropriate. "Where, as here, the meaning of an agreement is ambiguous, its construction is an issue to be resolved by the fact finder" (*Meathe v State Univ. Constr. Fund,* 65 AD2d 49, 52). The quoted portion of the trust agreement admits of ambiguity. Inclusion of the term "retransfer" makes it unclear whether Iota, which never acceded to the suggestion that if the chapter dissolved its assets would be turned over to the national, intended to relinquish complete control over the trust corpus, or whether it envisioned regaining the right to administer the proceeds if and when the local chapter was to be revived. The same difficulty attends interpretation of the passive language "[i]n event [the Iota Chapter] is reactivated". Given its disaffection with the national's membership policies, it is not at all clear whether plaintiff envisioned participating in some fashion in the reactivation of the sorority and if not, whether it ever intended that the corpus could be awarded to a corporation distinctly separate from itself and in whose creation it has not acquiesced. These issues are best resolved at a plenary hearing. Order modified, on the law, by reversing so much thereof as granted defendant Iota House's motion for summary judgment, and motion denied, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.